MILLHORN *v.* JONESBORO, LAKE CITY & EASTERN RAILROAD
COMPANY.

Opinion delivered April 18, 1927.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Where disputed
   questions of defendant railroad company's negligence and fraud
   in obtaining a release from an injured brakeman were submitted
   to the jury under instructions not complained of, the verdict in
   favor of the defendant is binding on the Supreme Court.

2. TRIAL—INSTRUCTION NOT INVADING JURY'S PROVINCE.—In an
   action against a railroad company, an instruction that, if the jury
   found for plaintiff, they should determine the amount and
   deduct therefrom a sum named as the total amount of checks
   already paid by plaintiff to defendant, *held* not erroneous as
   invading the jury's province,. where there was no dispute as to
   the amount received by plaintiff.

Appeal from Mississippi Circuit Court, Chickasawba
District; *W. W. Bandy,* Judge; affirmed.

*J. T. Coston,* for appellant.

*Eugene Sloan,* for appellee.

McHANEY, J. Appellant has stated the facts cor-
rectly, and we adopt it as follows:

"This is an action by Millhorn against the Jones-
boro, Lake City & Eastern Railroad Company to recover
damages for an injury sustained by him, August 28,
1924, while in the employ of said railroad company as
brakeman on one of its freight trains. The complaint
alleges and the evidence shows that the 'steps on either
side of the caboose sagged so that the rear end was about
six inches lower than the front end, thereby causing the
same to be defective and dangerous, all of which was
unknown to the plaintiff, but the same was known, or, by
the exercise of reasonable, ordinary care could and would
have been known, by the defendant. On said day, when
plaintiff was attempting to board said train, just west
of Blytheville, by reason and on account of said defec-
tive condition of said step, when the plaintiff placed his
foot thereon and attempted to board the train, his foot
slipped and fell to the ground, dragging the plaintiff
along until his foot caught in the unblocked frog in

defendant's track, thereby crushing, mangling, fracturing and breaking the bones in the plaintiff's ankle.' Millhorn was confined in the hospital, as a result of his injuries, from August 18 to September 4, 1924. Dr. Lutterloh, the physician for the railroad, attended him. After he left the hospital he made several trips from his home back to Jonesboro for examination by Dr. Lutterloh, from time to time, as directed by the doctor. About January 1, 1925, he was directed to report at Jonesboro again for examination. 'I started up to his office, and he said he was going to dinner, and asked me if there was anything urgent, and I said No, I just wanted to report to him, and he said.. Let's see, what is your case? and I told him, and he said, Well, let's go down here in the drugstore, and he put me in one of these soda fountain chairs and looked at my foot, and said, That is fine; you are all ready to go to work. He said, You get in touch with Mr. Garner; you are ready to go to work; you are O. K.' He then reported to Garner, the manager, who assigned Millhorn to a job.''

Before he went to work he signed a release agreement, releasing appellee, for an expressed consideration of $1, ''from any and all claims for damages, past, present or prospective (including whatever has been suffered in the past and what may be suffered in the future from known or unknown results or effects) for or by reason of said injury; and the party of the first part accepts the consideration named herein in full, complete and final compromise and satisfaction of all the matters existing between the parties hereto relating or growing out of the accident and injuries aforesaid.''

The release is dated January 1, 1925. The case was tried by a jury, resulting in a verdict and judgment for defendant, and plaintiff has appealed to this court.

While it is suggested that the undisputed evidence shows appellee was guilty of negligence, and that the release above mentioned was obtained from appellant by fraud, both of these questions were submitted to the jury under proper instructions, at least they were not

complained of, and the verdict of the jury is therefore binding on this court, both being disputed questions of fact. The only real contention made by counsel for appellant is that the court erred in giving to the jury instruction No. 11, over his objection. The instruction complained of is as follows: "If, under all the evidence and instructions given you, you should find that the plaintiff is entitled to a verdict, you shall first determine this amount and deduct from said amount so determined the sum of $687.47, which is the total amount of the checks that the defendant has already paid to the plaintiff, and your verdict should be for the difference."

The contention is made, and specific objection was raised to it on this ground, that it invaded the province of the jury, in that the court should have left to the jury to say how much money had been paid appellant after the injury, and while appellant was doing no work and performing no service for appellee. We do not think the instruction is open to this objection. The evidence as to the amount received by appellant from the date of his injury, August 18, to the date of his returning to work, January 7, 1925, was undisputed. Appellant himself testified to the various checks he had received, and the instruction of the court simply told the jury that, if they found for the plaintiff in any sum, they should first determine such sum and then deduct from that the total amount of the checks that had already been paid to plaintiff, and stated the sum to be $687.47. If the court should have been in error as to the correct amount, counsel for appellant should have suggested to the court the error in his calculation and had the amount corrected, or the jury could have added up the amount of checks he had received and have deducted the correct amount, if the court had erroneously stated the total.

No error appearing, the judgment of the circuit court was right, and it is therefore affirmed.